## THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM DECKARD, SR. | : | |
| 1175 Temperance Lane | : | |
| Richboro, PA, Plaintiff | : | Case No._____ |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| Administrative Office of Pennsylvania Courts | : | |
| 1515 Market Street Suite 1414 | : | |
| Philadelphia, PA 19107 | : | |
| | : | |
| PHILADELPHIA COURT OF COMMON PLEAS | : | |
| Philadelphia City Hall | : | |
| 1400 J.F.K. Boulevard | : | |
| Philadelphia, PA 19107 | : | |
| | : | |
| PHILADELPHIA'S ORPHAN'S COURT | : | |
| Philadelphia City Hall Room 415 | : | |
| Philadelphia, PA 19107 | : | |
| | : | |
| JUDGE MATTHEW CARRAFIELLO | : | |
| Philadelphia City Hall Room 415 | : | |
| Philadelphia, PA 19107 | : | |
| | : | |
| LINDA HEE, ESQ. | : | |
| Schubert, Gallagher, Tyler & Mulcahey PA | : | |
| 121 South Broad Street, 20th Floor | : | |
| Philadelphia, PA 19107-4533 | : | |
| | : | |
| SCHUBERT GALLAGHER TYLER MULCAHEY PA | : | |
| 121 South Broad Street, 20th Floor | : | |
| Philadelphia, PA 19107-4533 | : | |
| | : | |
| DAVID GRUNFELD, ESQ | : | |
| Astor Weiss Kaplan & Mandel LLP | : | |
| 200 South Broad Street | : | |

Philadelphia, PA 19102                                       :
                                                             :
ASTOR WEISS KAPLAN & MANDEL, LLP                             :
200 South Broad Street                                       :
Philadelphia, PA 19102                                       :
                                                             :
DANIEL DUGAN, ESQ                                            :
Spector Gadon Rosen Vinci PC                                 :
1635 Market Street                                           :
Philadelphia, PA 19103                                       :
                                                             :
SPECTOR GADON ROSEN VINCI PC                                 :
1635 Market Street                                           :
Philadelphia, PA 19103                                       :
                                                             :
DREW SALAMAN, ESQ                                            :
Salaman Law PC                                               :
100 South Broad Street Suite 650                             :
Philadelphia, PA 19110                                       :
                                                             :
STEVEN EMORY                                                 :
c/o Thomas Harty, Esq.                                       :
Harty Law Group                                              :
325 Chestnut Street – Suite 1116                             :
Philadelphia, PA 19106                                       :
                                                             :
ESTATE OF KATHLEEN EMORY,                                    :
STEVEN EMORY, EXECUTOR                                       :
c/o Thomas S. Harty, Esquire                                 :
325 Chestnut Street - Suite 1116                             :
Philadelphia, PA 19106                                       :
                                                             :
JANE'S and JOHN'S DOE 1 to 18                                :
names and addresses unknown                                  :
                                                             :
and                                                          :
                                                             :
Sole Proprietorship('s), Partnership('s),                    :
Corporation('s), LLC('s ) and LLP('s) 1                      :
through 15, names and addresses unknown,                     :

Defendants.                                    :

## **COMPLAINT**

**COMES NOW**, Plaintiff, William Deckard, Sr., who respectfully represents to this Honorable Court the following:

## **NATURE OF ACTION**

1. This is an action for damages and injunctive relief brought by Plaintiff for violations of:

(A) the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. **§** 1961, *et seq.* ("RICO");

(B) Federal Identity Theft, Computer, Mail, Wire and Bank Fraud statutes, including 18 U.S.C. §§ 1028, 1028(a), 1029, 1341, 1343, 1344, *inter alia*; and

(C) applicable provisions of statutory and common law of the Commonwealth of Pennsylvania;

the violations alleged herein occurring under supervision, control and direction of, the Orphan's Court of Philadelphia County – a Probate Court – in that Court's, and its appointed Court Officers, administration of a Philadelphia Decedent's Estate wherein,

(A)    Decrees issued by the Court from 2013 directed, to specific exclusion of Plaintiff, Orphan's Court seizure of non-probate Real

and Personal property owned by Plaintiff:

(1) non-probate Real Property:

- two (2) real estate parcels with warehouse;

(2) non-probate Personal Property:

(a) Plaintiff's cash deposited into bank accounts owned by <u>Beer Hut</u> and <u>The Beer Hut</u>; and

(b), commercial freezers, forklift, and beer distributorship retail establishment equipment and its inventory: beer, water, soft drinks, cigarettes, snacks and propane, all purchased by Plaintiff:

(i) for retail sale by <u>Beer Hut</u> through 12-9-2012, and then,

(ii) for retail sale by <u>The Beer Hut</u> from 12-10-12 forward, and

(c) *inter alia*, in Spring, 2015, sale of unaccounted <u>Beer Hut</u>/<u>The Beer Hut</u> inventory, owned by Plaintiff;

and,

(B)    Plaintiff alleges the Court Officer's appointed by the Philadelphia Orphan's Court supervised, and then seized, the unlawful operation (2012-2017) of Decedent Gloria Deckard's Sole

Proprietorship bank accounts and commingled funds in two (2) general ways:

(1)   seized and distributed to themselves – i.e., the Orphan's Court's appointed Master and Administratrix – did seize and distribute to themselves non-probate cash deposits of an insurance claim paid by an insurance company for damages to real property not owned by the Estate being probated by this Orphan's Court and administered by these Orphan's Court Officers (this Master and Administratrix);

(2)   repeatedly commingled <u>Beer Hut</u>, <u>The Beer Hut</u> and Estate cash assets and expenses;
*inter alia.*

(3)   and, under supervision of first Judge Carrafiello, then Orphan's Court appointed Trustees:  Special Master Drew Salaman, Esq., successor Special Master and Administrator ad litem David Grunfeld, Esq., and, finally, Administratrix Linda Hee, Esq., Defendant's Steven and Kathleen Emory (Emorys)

from 12-15-2012 (Date of Death of Gloria Deckard),
if not before, converted the identity of the Estate
Decedent Gloria Deckard to the Emorys own and
operated, embezzling from, Decedent's Sole
Proprietorship bank accounts after death as well as
opening and closing new bank accounts using
Decedent's Sole Proprietorship Beer Hut Employee
Identification Number (EIN) and Social Security
Number (SSN), *inter alia.*, e.g., Kathleen Emory's
unlawful operation of the PA Lottery using Gloria
Deckard's name, EIN and SSN.

## PARTIES

2.    Plaintiff, William Deckard, Sr., is an adult individual who
currently resides at 1175 Temperance Lane, Richboro, PA 18954.

3.    Defendant Commonwealth of Pennsylvania is one of the
United States' original thirteen (13) Colony's with satellite office of
the Administrative Office of Pennsylvania Courts located at 1515
Market Street Suite 1414, Philadelphia, PA 19102.

4.    Defendant Philadelphia Court of Common Pleas is located

at Philadelphia's City Hall at 1400 J.F.K. Boulevard, Philadelphia, PA 19107.

5.     Defendant Philadelphia's Orphan's Court Clerk's Office is located at Philadelphia's City Hall Room 415, Philadelphia, PA 19107.

6.     Defendant Judge Matthew Carrafiello is currently a sitting Judge on the Philadelphia Orphan's Court Bench; correspondence received at Philadelphia's City Hall Orphan's Court Clerk's Office Room 415, Philadelphia, PA 19107.

7.     Defendant Linda Hee, Esq., is a member of the Pennsylvania Bar with offices at 121 South Broad Street, 20th Floor, Philadelphia, PA 19107-4533.

8.     Defendant Schubert, Gallagher, Tyler & Mulcahey PA is a Pennsylvania law firm with address at 121 South Broad Street, 20th Floor, Philadelphia, PA 19107-4533.

9.     Defendant David Grunfeld, Esq., is a member of the Pennsylvania Bar with offices at 200 South Broad Street, Philadelphia, PA 19102.

10.     Defendant Astor, Weiss, Kaplan & Mandell LLP is a Pennsylvania law firm with offices at 200 South Broad Street,

Philadelphia, PA 19102.

11.   Defendant Daniel Dugan, Esq., is a Pennsylvania attorney with offices located at 1635 Market Street, Philadelphia, PA 19103.

12.   Defendant Spector, Gadon, Rosen, Vinci, P.C. is a Pennsylvania law firm with offices located at 1635 Market Street, Philadelphia, PA 19103.

13.   Defendant Drew Salaman, Esquire is a Pennsylvania attorney with office at 650 Land Title Building, 100 South Broad Street, Philadelphia, PA 19110.

14.   Defendant Steven Emory is an adult individual whose last known address was 1220 Temperance Lane, Richboro, Bucks County, PA; being one and the same adult individual who accepts court related correspondence and service of documents through attorney Thomas S. Harty, Esquire at 325 Chestnut Street, Suite 1116, Philadelphia, PA 19106.

15.   Defendant, <u>Estate of Kathleen Emory (aka/Kathleen Deckard):  Steven Emory, Executor</u>, is successor entity to Kathleen Deckard Emory, an adult individual who passed away August 1, 2016 at age 63, and, and who, shall hereinafter be referred to as

Kathleen Emory; last known address of <u>Estate of Kathleen Emory:</u>
<u>Steven Emory, Executor</u>, was 1220 Temperance Lane, Richboro, PA
18954 – it is believed, and therefore here averred, <u>Estate of</u>
<u>Kathleen Emory:  Steven Emory, Executor</u>, accepts court related
correspondence and service of documents through attorney Thomas
S. Harty, Esquire at 325 Chestnut Street, Suite 1116, Philadelphia,
PA 19106.

16.    Defendants Jane's and John's Doe 1 through 18's
identities and addresses are currently unknown to Plaintiff.

17.    Defendant's Sole Proprietorship('s), Partnership('s),
Corporation('s), LLP('s)
and/or LLC('s) 1 through 15's identities and addresses are currently
unknown to Plaintiff.

18.    Defendant's Doe and Defendant business entities are as
yet unknown individuals, companies, partnerships, associations
and/or entities who, upon information and belief, may bear some
liability for Plaintiff's losses; the true names of said entities or Doe's
referenced, *supra*, are at present unknown to Plaintiff, as stated,
and Plaintiff therefore here sues such Defendant by such fictitious
name, and will amend the within Complaint to alert the Court to

said Defendant's identity and role to date as such knowledge

becomes available.

## JURISDICTION AND VENUE

19.   Plaintiff asserts this Court has Jurisdiction over this

action and the claims herein alleged pursuant to 18 U.S.C.  §§

1028, 1028(a), 1029, 1031, 1341, 1343, 1344, to wit, violations of

the Federal Identity Theft, Aggravated Identity Theft, Computer

Fraud, Fraud Against the United States, Mail, Wire and Bank Fraud

statutes; violations of the Federal RICO Act pursuant to 18 U.S.C. §

1961, *et seq.*, violation(s) of the Interstate Commerce Clause (Article

1, 8, Clause 3, U.S. Constitution) and of the Conspiracy to Defraud

the United States statute:  18 U.S.C. § 371, *inter alia.*

20.   The Court has supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367(a) in that these

claims arise out of same common core of operative facts and form

part of the same case and controversy as the federal claims.

21.   Venue is proper in this District pursuant to 28 U.S.C. §

1391(b) in that the conduct giving rise to this action occurred in

this District, Defendants regularly conduct business in this District

and a substantial part of the events and omissions giving rise to

Plaintiff's claims occurred in this District.

## BACKGROUND

22.    Paragraph's 1 – 21 are hereby incorporated by reference as if fully set forth at length herein.

23.    Plaintiff William Deckard, Sr. and Defendant Kathleen (Deckard) Emory were brother and sister, born of parents Jesse and Gloria Deckard.

24.    Gloria Deckard passed away December 15, 2012 leaving an estate of significant value that is currently, December 9, 2020, still being probated by the Orphan's Court of Philadelphia (180 DE of 2013), Defendant Kathleen Emory having produced a document purporting to be the Last Will and Testament of Gloria A. Deckard late December 2012 (Exhibit 1).

25.    As a result of Defendant Kathleen Emory's death August 1, 2016, and this "Probate Proceeding" of Plaintiff's Mother's Estate in this Orphan's Court before Judge Matthew Carrafiello, Plaintiff is sole owner of the Beer Hut real estate – 9911 Northeast Avenue.

26.    Plaintiff learned December 9, 2016 he had paid $75,000 in 2008 for a piece of real property to which he already owned absolute easement and usage rights per 1966 Deed written and

recorded by Edward Becker, Esquire (later USDC EDPA Judge and 3rd Circuit Chief Judge).

27.   The $75,000 was paid in exchange for a real estate Deed.

28.   Deckard learned Dec. 9, 2016 that Deed was never recorded although produced and made of record as SETTLEMENT of two (2) companion Common Pleas Court cases involving Mr. Deckard and Judge Matthew Carrafielllo (Deckard v. Posel - 1901063061 (1997); 1901063322 (1999)).

29.   Plaintiff possesses a preponderance of evidence the 1999 case (1901063322 (1999)) was fraudulently started, and wholly invented, by Defendant J.Carrafiello himself to cover-up his unlawful rulings in 2000 - 2003 in the 1997 Docket (this Docket Destroyed and altered February 7, 2003 – altering J.Collins and J.O'Keefe's "Ready for Trial" records).

30.   After Dec. 9, 2016, Deckard learned many remaining Docket records of the two (2) court cases had been altered and destroyed March 20, 2013 during week of 1st scheduled Estate Hearing before Judge Carrafiello* (said Hearing continued *sua sponte*, without explanation or Docket entry, by Judge Carrafiello).

 *Judge Carrafiello had switched from Common Pleas Court to Orphan's Court between 2008 and 2013 and, as Orphan's Court Administrative Judge in 2013, had singular authority to place himself on Plaintiff's Deckard's Mother's Estate matter (180 DE of 2013) in January, 2013 (Date of Gloria Deckard's Death 12-15-2012).  *Sua sponte*, J.Carrafiello postponed the March 4, 2013 1st Hearing scheduled in Estate matter to April 19, 2013 - docket records additional altering and/or destruction of Case #'s 1901063061 & 1901063322 occurred March 20, 2013 . . .

also, J.Carrafiello had been placed on the case three (3) years after its 1997 start - officially January 10, 2000.  Per J.O'Keefe, all discovery in the case was complete and ready for trial due to earlier work 1997-99 by J.Collins - all rulings to that time favored Plaintiff and upheld Judge Becker's 1966 Deed, and then, after J.Collins recused herself because of rumor started by **FUMO CRIME MACHINE** that she was Lesbian and Deckard's Mother was Plaintiff in the matter, J.O'Keefe took over, completed Discovery and set matter 'Ready for Trial.'  **FUMO CRIME MACHINE** then moved J.Carrafiello into position and, even though all Discovery was complete and matter 'Ready for Trial' - and Judge Becker was ready to testify - J.Carrafiello appointed a Special Master, trial never occurred and Judge Becker never testified and passed away May 19, 2006.


   31.   From December 9, 2016, Plaintiff Bill Deckard began investigating court records.

   32.   Deckard learned his two (2) real estate matters (Deckard

v. Posel - 1901063061; 1901063322) were never closed and today

remain open.

   33.   No Deed exists for the $75,000 he paid Posel in 2008

though said Deed was part of RECORDS DESTROYED March 20,

2013 – Plaintiff possesses copy of 27 Page purported 2008 Deed.

   34.   The Court Docket Records that are remaining in the two

(2) real estate matters are falsified – egregiously, i.e., Deckard has

PROOF that the Docket records currently available for <u>Deckard v.</u>
<u>Posel</u> - 1901063061 & 1901063322 ***have been intentionally***
***altered*** on the Phila.gov E-filing web pages and are false - all
circumstantial evidence suggests Judge Carrafiello himself actually
altered these Docket Entries, or, at minimum, supervised the
alteration of same.

35.   Plaintiff believes he can demonstrate by a preponderance
of evidence that the **FUMO CRIME MACHINE** caused many Deeds
in Phila. Recorder of Deeds Office to have been destroyed as part of
manipulation of 100's of Deed's for escheated land returned to the
1950's Owners from stricken (8-23-1976) Northeast Freeway
(planned but never built I-95 spur from Woodhaven Road
Expressway that began directly in front of Beer Hut 9911 Northeast
Avenue, Phila., PA 19115

36.   It is believed impetus behind all Judge
Carrafiello's conduct toward Deckard's 9911 Northeast Avenue
Deed is the potential for the uncovering manner of return of these
100's of Deeds to their 1950's Owners, *if at all*, through the FUMO
CRIME MACHINE; including CSX owned 24' wide x 1,000'
neighboring Beer Hut lot containing two (2) 20" Emergency flood

relief flood plain drainage lines destroyed by Posel, City of
Philadelphia and Commonwealth of PA in 1990's construction of
Northeast Boulevard, the City's and Commonwealth's replacement
of Northeast Avenue.

36.   The Estate of Gloria Deckard Estate matter before Judge
Carrafiello remains open today - eight (8) years after death.  Bill
Deckard, the sole remaining Beneficiary, has received $0 of
Deckard's Mother's $3-4Million Estate and said Estate has been
reduced through fraud and embezzlement under direct supervision
and control of Judge Carrafiello and his surrogates - to only a few
thousand dollars.

37.   In absolute violation of Federal and State laws, Deckard's
Mother's bank sole proprietorship bank accounts have never been
accounted as required by law and were operated for 5 years after
her death by the Court and Court surrogates (Special Masters,
Administrator ad litem, Administratrix, Executrix) generating
1,000's of violations of FEDERAL STATUTES forbidding Identity
Theft, Aggravated Identity Theft, Bank & Computer Fraud, *inter
alia.*

38.    Not only did Judge Carrafiello supervise the illegal use of Decedent's bank accounts for five (5) years, he also took control of Deckard's Beer Hut non-probate real estate excluding Owner Bill Deckard from premises, $100,000 of non-probate Beer Hut business inventory and Beer Hut non-probate business bank accounts over which Carrafiello had no jurisdiction.

39.    Judge Carrafiello also authorized the seizure - theft - of Plaintiff Deckard's own non-probate personal sole proprietorship bank accounts.

40.    RICO Plaintiff Bill Deckard has tracked hundreds of thousands of dollars of RICO Enterprise' embezzlement and theft through records obtained 2015 to date.

41.    Nearly eight (8) years since DOD of Gloria Deckard, Court and its surrogates have never performed an accounting of the Estate of Gloria Deckard Estate; Decedent's many investment accounts, e.g., multiple life insurance policies, personal investment accounts, owned by Decedent within 12 months of death, have never been accounted, or even named, as required by Pennsylvania Inheritance Tax Laws.

42.   In fact, a purported "accounting" recently proffered by Judge Carrafiello's appointed Administratrix dated October 22, 2020, a "First and Final Account", and although the date of death is December 15, 2012, said **_"Accounting" STARTS its accounting June 17, 2015 (Exhibit A page 8/11) AFTER nearly all several million dollars in funds were stolen and embezzled from at least December 15, 2011 (one (1) year before death of Estate Decedent Gloria Deckard)._**

43.   As this "Accounting" starts three (3) years after date of Decedent's death, and fails to go back the one year before death as required by Pennsylvania Inheritance Tax Return laws, this is not an "Accounting", but one more example of this Court's and its surrogates - this RICO Enterprise' - wholesale failure to account for this Estate, seizure of this Plaintiff's personal property and real estate and the fraud perpetrated upon this Beneficiary.

44.   Judge Carrafiello has ignored all protestations of lone Beneficiary and Beer Hut Owner Bill Deckard

45.   Judge Carrafiello has demonstrated actual animus toward lone Beneficiary Bill Deckard, including directing Plaintiff's

attorney to file a petition for Plaintiff to be appointed a Guardian ad litem by this Court.

46.   Judge Carrafiello and his surrogates have intentionally delayed records sharing, not even attempted to track Decedent's personal investment accounts while also brazenly violating Federal Identity theft statutes in use of Decedent's sole proprietorship bank accounts, continually using Decedent's SS# and Sole Proprietorship EIN 2012-2017.

47.   Additionally, Judge Carrafiello ignored Federal and State Liquor Licensing laws, Cigarette Licensing Laws and PA Lottery Laws.

48.   Judge Carrafiello also oversaw, supervised and condoned the commingling of probate and non-probate funds and the paying of non-probate debt of others from probate funds (among many other things).

49.   Plaintiff believes he can prove beyond a preponderance of the evidence Judge Carrafiello has been operating Orphan's Court as a RICO Enterprise in attempting to cover up his illegal conduct from 1998-2008 in Deckard v. Posel - 1901063061 & 1901063322, and in the Orphan's Court Estate of Gloria Deckard Estate.

**ALLEGATIONS RELATING TO DEFENDANT EMORYS'
TITLE 18 CHAPTER 96 §§ 1961-1968 ET SEQ.
RICO RACKETEERING ACTIVITIES AND CONSPIRACY**

50. Upon information and belief, gleaned from Emorys

statements, acts, and documents revealed/obtained from

December 4th, 2012 (including 2015 documents); Plaintiff has

come to believe, and here asserts, that since at least 2009,

through the unique mother-daughter access granted

Defendant Kathleen Emory of her Mother by birth, that the

Emorys, collectively, had been unduly influencing, and

**exploiting**, Gloria Deckard, by gaining access to, and looting,

Gloria Deckard's numerous personal investment accounts,

and assets of the business known as <u>Beer Hut</u>; an activity, to

wit – **exploiting** – expressly prohibited by the <u>Act of the</u>

<u>United States Congress</u> – **<u>The Older Americans Act of 1965</u>**

**(Amended Through P.L. 114-144, Enacted April 19, 2016)**.

51. Plaintiff believes and here asserts this **exploitation** of Gloria

Deckard, *inter alia*, enabled the Emory's, from at least 2009 to:

(A) daily steal, from physical possession of then 81 year old Gloria

Deckard, <u>Beer Hut</u> cash receipts delivered daily to Gloria Deckard's

home (totaling in the tens of thousands of dollars per year);

(B) cause Gloria Deckard to sign, or forge Gloria Deckard's signature on, financial documents, e.g., and including, real estate deeds and Gloria Deckard (personal) and <u>Beer Hut</u> bank checking account checks, deposit slips, withdrawal slips, and documents relating to multiple Gloria Deckard personal investment accounts (e.g. deposit, withdrawal, liquidation documents, etc.).

52. To the best of any related party's knowledge, information and belief, at no time did Defendants Kathleen Emory or Steven Emory have employment or evince visible means of support; four (4) putative businesses claimed at different times by Defendant Steven Emory – <u>Emory Digital Marketing</u>, <u>Network Direct</u>, <u>Campbell Campaigns</u>, <u>Emory & Associates</u> – upon good faith investigation by Plaintiff since 2016, appear to perform no work and generate no income. (Defendant's Steven Emory and Kathleen Emory hereinafter referred to as "the Emorys" or "Emorys" or "Defendants Emory").

## ENTERPRISE

53. Paragraph's 1 – 52 are hereby incorporated by reference as if fully set forth at length herein.

54. Plaintiff is a "person" within the meaning of 18 US.C. § 1964(c).

55. At all times relevant hereto, Plaintiff and Defendants were and are "persons" within the meaning of 18 U.S.C. § 1961(3).

56. Plaintiff asserts evidence obtained after December 4th, 2012 revealed that Emorys conduct – the Enterprise – since at least 2009 through 2016 and 2018 (as relates to Defendant's Kathleen Emory (2016) and Steven Emory (to date (2018)), respectively (Kathleen Emory Date of Death (DOD) 8-1-2016)) relating to (A) the Enterprise' direction, management and control over Gloria Deckard's personal investment accounts and Beer Hut's business affairs, records and assets while Gloria Deckard lived (through 12-15-2012 (Gloria Deckard DOD)), to the (B) 2012 to 2015 Enterprise' (Defendants Emory) control of the Estate of Gloria Deckard by putative Executrix Defendant Kathleen Emory, under direction, guidance and influence of Defendant Steven Emory, to (C) the Enterprise manipulation of the impact(s) of action and/or inaction by the Philadelphia County Orphan's Court in relation thereto (180 DE of 2013 - In Re: Estate of Gloria Deckard) and actions by Enterprisees, Defendants Kathleen and Steven Emory,

relating to a 2011 Tornado Damage to Real Estate Insurance
Claim:  structural damage to warehouse - <u>Beer Hut</u> building - at
9911 Northeast Avenue, owned by Plaintiff – Plaintiff funded all
insurance premium payments – thus Insurance Claim Proceeds
is NOT an asset of <u>Estate of Gloria Deckard</u> – all of said conduct
constitute an Enterprise as defined by 18 U.S.C. § 1961(4).

57. The Enterprise is an organization which engages in, and
whose activities affect, interstate commerce – in this case
Pennsylvania resident <u>Beer Hut's</u> five (5) decades of bulk
purchases from Pennsauken, New Jersey soft drink
distribution center(s), and Emorys – the Enterprise' – 2009 to
2015 liquidation of Gloria Deckard's numerous investment
accounts, annuities, insurance policies and other assets that
reside, and had resided until their unlawful liquidation by the
Enterprise (Defendants Emory), in a number of different
states.

58. Defendants maintain an interest in and control the Enterprise
and also conduct or participate in the conduct of the
Enterprise's affairs through a pattern of racketeering, to wit,
mail and wire fraud, *inter alia.*

59. Defendants' control and participation in the Enterprise is necessary for the successful operation of Defendants' scheme.

60. In order to retain (A) money assets or proceeds from liquidation of Gloria Deckard personal investments, annuities, insurance policies, etc., (B) money assets of the business <u>Beer Hut</u> while Gloria Deckard lived (DOD 12-15-2012),  (C) money assets of the business <u>Beer Hut</u> after Gloria Deckard passes, (D) assets due Plaintiff as Beneficiary to <u>Estate of Gloria Deckard</u>, (E) assets due Plaintiff as successor owner of <u>Beer Hut</u> after passing of Gloria Deckard (having been silent partner to Gloria Deckard since Plaintiff purchased <u>Beer Hut</u> PLCB License – placing it in his Mother's, Gloria Deckard's, name – and obtained d/b/a/ name for <u>Beer Hut</u> in 1976, *inter alia*, and opened said business in 1978) and (F) assets due Plaintiff as owner of non-probate Real Property – the building at 9911 Northeast Avenue and insurance claim made for tornado damages to same – Defendants Emorys' Enterprise devised a system.

61. This Enterprise' "system", devised by the Emorys, enabled Emorys to (A) manipulate and exercise control over and

exploit Gloria Deckard and Gloria Deckard's personal
investment assets while Gloria Deckard lived, from at least
2009 through December, 2012; while also during this 2009 to
2012 time period enabling Defendants' Emory to (B)
manipulate and exert control over Gloria Deckard's *de facto*
self-employment as Bookkeeper to the business <u>Beer Hut</u>,
**enabling Defendants Emory to turn the, for thirty (30)**
**years, lawfully operated business, <u>Beer Hut</u>, into**
**Defendants' Emory personal embezzlement "cash cow"**,
through Defendant Steven Emory's manipulation of the <u>Beer</u>
<u>Hut</u> "Books" to under-report to taxing authorities from at
least 2009 to 2015 <u>Beer Hut</u> sales permitting Emorys to
"skim", or divert, said excess of "under-reported" sales
receipts, in excess of tens of thousands of dollars per year,
into venues and/or bank accounts under the Emorys' control.

62. Upon passing of Gloria Deckard, through presentation of a
highly suspect Will instrument to the <u>Philadelphia County</u>
<u>Recorder of Wills</u>, wherein said document Defendant Kathleen
Emory is recorded as Executrix, Defendants' Emorys'
Enterprise continued the looting of the personal investment

assets of, now, the Estate of Gloria Deckard, as well as commencing a startling, outrageous, mendacious and disingenuous, disinformation campaign in February of 2013, that continues to date, regarding (A) the true genesis of the conception, start-up and 34 year operation of Beer Hut, and (B) immediate prior 12 months history and status of Gloria Deckard's numerous personal investments, in the Orphan's Court of Philadelphia County, Pennsylvania (180 DE of 2013 – In Re: Estate of Gloria Deckard), wherein a significant diminution in value of said Estate has occurred, along with destruction (frozen then broken heater piping causing 250,000 gallons of Philadelphia Water Department water to flow through locked facility) of Plaintiff's non-probate asset – the Beer Hut facility at 9911 Northeast Avenue, the Beer Hut good name, inventory, clientele, business volume, *inter alia*.

63. Defendants' Emory, collectively, are members of the Enterprise.

64. As a result of Defendants' fraudulent schemes and racketeering activities Plaintiff has been injured (A) in his business (Beer Hut), (B) in the unsettled by Plaintiff insurance

claim dollars for the 2011 tornado damage to 9911 Northeast
Avenue and (C) the near total, if not total, depletion in value
of Plaintiff's 50% ownership of the residual interest of
Beneficiary to the Estate of Gloria Deckard, if ever there is a
finding that the Will document presented by Defendant
Kathleen Emory is a valid instrument, *inter alia.*

**PREDICATE ACTS**

65. Paragraph's 1 – 64 are hereby incorporated by reference as if
fully set forth at length herein.

66. With respect to the activities alleged herein, each Defendant,
and others not named as defendants in this Complaint, in
committing those activities within the meaning of 18 U.S.C. §
2, have sought to aid and abet a scheme to violate 18 U.S.C. §
1962(c), to wit, each Defendant also agreed to the operation of
the scheme or artifice to deprive Plaintiff, and Estate of Gloria
Deckard (to which Plaintiff is 50% residual heir), of property
interests; in furtherance of these agreements, each Defendant
also agreed with each other, either directly or indirectly, to
interfere with, obstruct, delay or affect commerce by
attempting to obtain, and/or actually obtaining, property

interests of Plaintiff and the <u>Estate</u> to which Defendants are/were not entitled.

67. For example, Linda Hee confirms on Page 3 (Exhibit A page 10/11) of the "**First and Final Account of Linda M. Hee, Administrator D.B.N.C.T.A. of the Estate of Gloria Deckard**" (filed Oct. 22, 2020), and all pages that follow, Ms. Hee's and Mr. Grunfeld's illegal continued U.S.Code ***Aggravated Identity Theft*** violations:  use of Gloria Deckard's Sole Proprietorship EIN 23-2211293 and SS# xxx-xx-3439 (**in felonious violation of <u>18 U.S.C. § 1028 & 1028(a),</u> *inter alia***).

68. Decedent Gloria Deckard's EIN, SS# and bank accounts are illegal for use after death 12-15-2012.

69. Gloria Deckard's Sole Prop EIN  23-2211293 and SS# xxx-xx-3439 are both attached to all 5 accounts listed by Linda Hee on Page 3 (Exhibit A page 10/11) of her <u>Oct. 22, 2020 First and Final Account</u>.

70. Three (3) of these Gloria Deckard accounts listed by Linda Hee ***were opened after Gloria Deckard's death*** 12-15-2012 by using Decedent's EIN and SS#.

71. But even earlier in Estate, prior Executrix Defendant Kathleen Emory filed for Grant of Letters Testamentary with Estate Value of $1,850,000 (Exhibit A page 2/11).

72. Defendant Linda Hee's Grant of Letters documents circa 2015 show Estate Value at $0.00 (Exhibit A page 5/11) but then in 2020 an Inventory Value of $400,917.84 (Exhibit A page 11/11).

73. With respect to the overt acts and activities alleged herein, each Defendant  conspired with each other, and others not named as Defendants in this Complaint, to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

74. Each defendant also agreed and conspired with each other to participate, directly or indirectly, in the fraudulent scheme or artifice, in/of interfering with, obstructing, delaying or affecting commerce by attempting to obtain, and/or actually obtaining, property interest(s) of Plaintiff and the Estate to which Defendants are/were not entitled.

75. The numerous predicate acts of mail and wire fraud described herein are part of separate fraudulent schemes by Defendants designed to defraud Plaintiff, and the Estate, of money and

property interest under false pretense;  Plaintiff is victim of these unlawful patterns of illegal activity and has suffered losses as a result of these activities .

76. In carrying out the overt acts and fraudulent schemes described above, Defendants engaged in conduct in violation of federal laws, including 18 U.S.C. § 1341 and § 1343, 18 U.S.C. § 1341 and § 1346 and 18 U.S.C. § 1343 and 1346.

77. Section 1961(1) of RICO provides that "racketeering activity" is an act and indictable under any of the following provisions of title 18 U.S.C. § 1341 (relating to mail fraud), § 1343 (relating to wire fraud) § 1346 (relating to scheme or artifice to defraud).

## VIOLATIONS OF 18 U.S.C. §§ 1341 AND 1343

78. Paragraph's 1 – 71 are hereby incorporated by reference as if fully set forth at length herein.

79. For the purpose of executing and/or attempting to execute their scheme to defraud and to obtain money by means of false pretenses, embezzlement and theft, *inter alia*, Defendants, in violation of 18 U.S.C. § 1341, placed, *inter alia*, in post offices, and/or in authorized repositories for mail

and things to be sent or delivered by the United States Postal
Service, and received matters and things therefrom, including
but not limited to IRS tax notices, Forms 1099, 1040 and W-
2; specific examples though not limited solely thereto, of the
means by which documents containing false data were
transmitted through the U.S. Postal Service include (A) tax
filings Defendants caused to be filed with the IRS,
Commonwealth of Pennsylvania's and Philadelphia's
departments of tax revenue, on exploited octogenarian Gloria
Deckard's behalf, to hide Defendants – the Enterprise' –
embezzlement and theft of Gloria Deckard's assets, was on
Forms' 1040 (and their appurtenant Schedules C) for 2009,
2010 and 2011 filed with IRS and revenue forms filed with
Pennsylvania and Philadelphia, in 2010, 2011 and 2012, and
(B) all correspondence by, between and among, Defendants
Emory, Penn National, Michael Danello, Aclaim and George
Pagano, said correspondence occurring from 2011 through
2016, relating to a near $1Million tornado property damage
claim, and a $404,000 "settlement" – unauthorized by
Plaintiff – for said 2011 insurance claim by Plaintiff, for

damages done to the building and real property Plaintiff owns at 9911 Northeast Avenue, Philadelphia, 19115 – both Parts (A) and (B) herein, referencing two (2) distinct instances of "racketeering activity" by the Enterprise – Defendants' Emory (within a 10 year period), in violation of 18 U.S.C. § 1341, these are (A) Defendants', the Enterprise's, use of mail, over at least the identified four (4) specific years, to provide the IRS, Pennsylvania and Philadelphia with false Tax returns filed on behalf of Gloria Deckard, and (B) a real property insurance damage claim settlement – unauthorized by Plaintiff, the funder of all insurance premium payments and owner of the real property –  to be processed, are examples, though not limited solely thereto, of the means by which false representations to unlawfully gain Defendants – the Enterprise – assets to which they were/are not entitled, *inter alia*, were routinely used by Defendants – the Enterprise – in Violation of 18 U.S.C. § 1341.

80. For the purposes of executing and/or attempting to execute their scheme to defraud and to obtain money by means of false pretenses, false representations or promises,

Defendants, in violation of 18 U.S.C. § 1343, transmitted and received by wire matter and things therefrom, including but not limited to voice information over the telephone, texts, e-correspondence and Faxes.

81. In those matters and things sent or delivered by the United States Postal Service, by wire and through other interstate electronic media, Defendants falsely and fraudulently misrepresented and fraudulently suppressed material facts in violation of 18 U.S.C. § 1341 and § 1343 including but not limited to the following:

– grossly under reported Beer Hut gross retail sales and profit data for 2009, 2010, 2011 and 2012 as said data was to be yearly reported to IRS and the revenue departments of the Commonwealth of Pennsylvania and the City of Philadelphia for revenue and taxing purposes; and grossly under-stated tornado damages data and costs for repairs as well as withheld Plaintiff's name as owner of the real property at 9911 Northeast Ave., Phila., PA 19115.

**PATTERN OF RACKETEERING ACTIVITY**

82. Paragraph's 1 – 75 are hereby incorporated by reference as if fully set forth at length herein.

83. As set forth above, Defendants, have engaged in a "pattern of racketeering" activity as defined by § 1961(5) of RICO by committing and/or conspiring to or aiding and abetting a scheme for at least two such acts of racketeering activity, as described above, within the past 10 years; each such act of racketeering activity was related, had similar purposes – illicitly gaining the Enterprise funds to which it was not entitled – involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Plaintiff, and <u>Estate of Gloria Deckard</u>.

84. The multiple acts of racketeering activity committed and/or conspired to or aided and abetted by Defendants, as described above, are related to each other, depict a significant period of continuous racketeering conduct continuing to date and amount to and pose a threat of continued racketeering activity and therefore constitute a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5).

## COUNT 1

## Violations of 18 U.S.C. § 1962(c)

85. Paragraph's 1 – 78 are hereby re-alleged, and incorporated by reference, as if fully set forth at length herein.

86. The claim for relief arises under 18 U.S.C. § 1964(a) of RICO and seeks relief from Defendants' activities described herein for violations of 18 U.S.C. § 1962(c).

87. 18 U.S.C. § 1962(c) of RICO provides that it "shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of activity or collection of an unlawful debt."

88. Plaintiff incorporates, as if fully set forth at length herein, the allegations that Defendants have engaged in a pattern of racketeering activity.

89. Through the pattern of racketeering activities outlined above, Defendants have conducted and participated in the affairs of the Enterprise described above.

90. With respect to their violations of § 1962(c) Defendants have

acted at all times with malice toward Plaintiff.

**WHEREFORE**, Plaintiff, William Deckard, Sr., respectfully requests judgment in his favor against Defendants Steven Emory and the Estate of Kathleen Emory in an amount of not less than $75,000 including interest, delay damages, counsel fees and other costs this Court deems appropriate.

## COUNT II

## Violations of 18 USC 1962(d) by Conspiring to Violate § 1962(c)

91. Paragraph's 1 – 84 are hereby incorporated by reference as if fully set forth at length herein.

92. This claim for relief arises under 18 U.S.C. § 1964(a) of RICO and seeks relief from Defendants' activities described here in for violations of 18 U.S.C. § 1962(d) for their conspiring to violate 18 U.S.C. § 1962(c).

93. Section 1962(d) of RICO provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

94. Plaintiff incorporates, as if fully set forth at length herein, the allegations that Defendants have engaged in a pattern of racketeering activity.

95. Absent Defendants' conspiracy and joint efforts, Defendants' scheme would not be successful.

96. Defendants have violated § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c), the object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the § 1962(c) Enterprise, described previously, through a pattern of racketeering activities.

97. As demonstrated in detail above, Defendants have engaged in numerous overt and predicate fraudulent racketeering acts in furtherance of the conspiracy including systemic fraudulent practices designed to defraud Plaintiff of money and other property interests.

98. Defendants pattern of fraudulent racketeering acts, stretching from at least 2009 through 2015, includes using the U.S. Postal Service, and electronic wire information transmission services, to transmit and cause to be filed false and fraudulent data/tax filings that grossly under report monies due taxing authorities (IRS, Pennsylvania and Philadelphia Departments of Revenue) to hide a multi-year scheme of theft and embezzlement by Defendants and the RICO Enterprise

herein identified.

99. As well, Defendants' pattern of fraudulent racketeering acts includes all correspondence and negotiations that resulted in generation of over $200,000 in proceeds from, putatively, an insurance claim on real property – Plaintiff having funded all insurance premiums from 2008 – owned by Plaintiff that was neither authorized by Plaintiff nor did such "settlement" involve Plaintiff in any fashion, though at all times Plaintiff was owner of record of the insured real estate – and although Plaintiff is the owner of the real property, and owner of any and all proceeds from the 2011 tornado damage insurance claim, Plaintiff has received $0.00 of said insurance proceeds (said "proceeds" from the "settlement" discussed herein, however unauthorized by Plaintiff, is Plaintiff's possession, yet said proceeds are in possession of a Philadelphia Orphan's Court Special Master in charge of <u>Estate of Gloria Deckard</u> – said Special Master having jurisdiction over <u>Estate</u> assets; insurance proceeds from policy Plaintiff funded premiums from 2008 is NOT an asset of Plaintiff's late Mother's Estate).

100.    The nature of the above described acts, material

misrepresentations and omissions in furtherance of the

conspiracy, gives rise to an inference that Defendant's not

only agreed to the objective of an 18 U.S.C. § 1962(d) violation

of RICO by conspiring to violate 18 U.S.C. § 1962(c), but that

these Defendant's – the Enterprise – were aware that their

ongoing fraudulent acts have been and are part of an overall

pattern of racketeering activity period.

101.    As a direct and proximate result of Defendants' – the

Enterprise' – overt and predicate acts in furtherance of

violating 18 U.S.C. § 1962(d) – violation of RICO by conspiring

to violate 18 U.S.C. § 1962(c) – Plaintiff has been and

continues to be injured in his business and property as set

forth in detail herein; pursuant to 18 U.S.C. § 1964(c) of

RICO, Plaintiff is entitled therefore to bring this action to

protect his interest.

102.    Defendants have sought to, and have, engaged in the

commission, and continue to commit, overt acts and unlawful

racketeering predicate acts that generate income, sequester

property or proceeds received by Defendants, to the exclusion

of Plaintiff, from such pattern of racketeering activity,

including multiple instances of mail and wire fraud violations of 18 U.S.C. §§ sections 1341 and 1343.

103.    Defendants' violations of the above federal laws, and the effects thereof detailed above, are continuing and will continue unless injunctive relief for prohibiting the Defendants' illegal acts constituting a pattern of racketeering activity is fashioned and imposed by the court.

104.    As a proximate result of Defendants' conduct as described above, Plaintiff has been injured in his business and property.

**WHEREFORE**, Plaintiff, William Deckard, Sr., respectfully requests judgment in his favor and against Defendants Steven Emory and the Estate of Kathleen Emory in the amount of not less than $50,000, including interest, delay damages, counsel fees and other costs this court deems appropriate.

### ALLEGATIONS AGAINST DEFENDANT DREW SALAMAN, ESQUIRE

### COUNT VI - VIOLATIONS OF DEFENDANT DREW SALAMAN, ESQUIRE FIUCUARY DUTY OF EXERCISING ORDINARY CARE AND LEGAL MALPRACTICE

105.    Paragraph's 1 – 98

106.    are hereby incorporated by reference as if fully set forth

at length herein.

107.    On July 18, 2013, Defendant Drew Salaman, Esquire

was appointed Special Master in In re:  Estate of Gloria

Deckard (180 DE of 2013) by the Orphan's Court of

Philadelphia – the Court's Decree reads, in pertinent part,

". . . (1) The Special Master (is) to oversee the operation of the

Estate business entity The Beer Hut with full authority to

open the business oversee operations implement standard

operating procedures and to report to the court concerning

the efficacy of continued operation of the business.  (2) The

special master shall be given unfettered access and control to

all keys, books and records, facilities and employees.  Special

Master shall be compensated from the Estate, upon order for

compensation, entered by this Court. . . (5) The Special

Master shall consider that the goal of the Estate is to

maximize the value of the business for sale.  (6) The Special

Master shall report to the Court concerning progress in

normalizing the operation of this business and its prospects

for sale within 30 days of the date of this decree.  The Special

Master is at liberty to report emergency situations to the Court and, upon cause, may close the business, terminate employment of any employee or bar any person from the premises. . ."

108.    *Inter alia*, Defendant Salaman failed to report to the Court Defendants Emory theft of Beer Hut beer when the Court had ordered the business to be shut and nothing removed in July, 2013.

109.    Additionally, however, Defendant Salaman failed his fiduciary duty to the <u>Estate of Gloria Deckard</u> by failing to monitor Defendants Emory's wasting of <u>Beer Huts's</u> assets through inattention, failure to maintain inventory (failure to purchase inventory), failure to maintain business hours, negligence and outright embezzlement (Exhibit A-4 (Deckard Banks Accts Analysis oh DVD); laying groundwork for near total, if not total, depletion of assets of Plaintiff's.

**WHEREFORE**, Plaintiff, William Deckard, Sr., respectfully requests judgment in his favor and against Defendant Drew Salaman, Esquire, in the amount of not less than $75,000, including interest, delay damages, counsel fees and other costs this Honorable Court

deems appropriate.

Respectfully submitted,


<u>/S/ PETER BLUST, ESQUIRE</u>
PETER BLUST, ESQUIRE
PA Attoney ID # 47072
Cooper Valley Village N-9
Edgewater Park, NJ 08010
(609) 309 2213
peterfblust@gmail.com